**\*AMENDED CLD-174**
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **25-1989**

JOSE DAVID LAINEZ BUESO, Petitioner

VS.

ATTORNEY GENERAL UNITED STATES OF AMERICA

(Agency No. A220-473-214)

Present: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

Submitted are:

(1) Petitioner's motion to stay removal;

(2) Petitioner's supplemental motion to stay removal;

(3) Respondent's response in opposition;

(4) Respondent's supplemental response;

(5) Respondent's second supplemental response;

(6) Petitioner's motion for appointment of counsel; and

\*(7) Petitioner's documents in support of his petition (Docket Nos. 20 and 21), which may be construed in part as documents in support of petitioner's motions

in the above-captioned case.

Respectfully,
Clerk

_____O R D E R_____

Petitioner's motion for a stay of removal is granted.* See Nken v. Holder, 556 U.S. 418, 434 (2009). Petitioner has a sufficient likelihood of succeeding on his claim for withholding of removal based on his membership in a particular social group, and the relevant factors overall warrant a stay. Thus, petitioner's removal is hereby stayed pending further order of this Court. Petitioner's motion for appointment of counsel is granted as well. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). The Clerk will locate and appoint counsel for petitioner.

We note that petitioner has filed a document that he identifies as a brief (Doc. 20), which he apparently believes was due by July 14, 2025. Petitioner's brief is and was not yet due because the Clerk has not yet issued a briefing schedule. After the Clerk appoints counsel for the petitioner, counsel can consider the issues raised in petitioner's filing and the Clerk will issue a briefing schedule at an appropriate time.

In addition to such other issues as the parties may wish to address in their briefs, the parties should address the following issues relating to appellant's claim for withholding of removal based on his membership in a particular social group: (1) whether the Board of Immigration Appeals erred in applying In re W-Y-C- & H-O-B-, 27 I. & N. Dec. 189 (BIA 2018), without addressing petitioner's argument that the Immigration Judge should have considered an additional particular social group under Quintero v. Garland, 998 F.3d 612 (4th Cir. 2021), and (2) whether the Board erred in making a factual finding on appeal regarding the lack of a nexus between persecution and petitioner's claimed social group, see Hashmi v. Att'y Gen., 531 F.3d 256, 262 (3d Cir. 2008); 8 C.F.R. § 1003.1(d)(3)(iv).

By the Court,

s/Cheryl Ann Krause
Circuit Judge

Dated: September 12, 2025
Lmr/cc: Jose David Lainez Bueso
All Counsel of Record

A True Copy:

Patricia S. Dodszuweit, Clerk

---

* Judge Phipps dissents from the grant of these motions. For purposes of this case, the agency is not bound to follow the out-of-circuit decision in Quintero v. Garland, 998 F.3d 612 (4th Cir. 2021); rather, it is permitted to follow its decision in In re W-Y-C- & H-O-B-, 27 I. & N. Dec. 189 (BIA 2018), and it need not explain its rationale for not following nonbinding precedent.